NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID GASKINS, | Civil Action No. 14-8088 (WJM) |
| Plaintiff, | |
| v. | OPINION |
| HON. PETER N. CONFORTI., et al., | |
| Defendants. | |

**APPEARANCES**:

> DAVID GASKINS, #513537B
> East Jersey State Prison
> 1100 Woodbridge Road
> Rahway, NJ   07065
> Plaintiff *Pro Se*

**MARTINI, District Judge**:

David Gaskins, who is confined at East Jersey State Prison in New Jersey, seeks to file a Complaint asserting claims against three New Jersey judges, two prosecutors, the State of New Jersey and 20 police officers.  This Court will grant Plaintiff's application to proceed *in forma pauperis.*  For the reasons expressed in this Opinion, and as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), this Court will dismiss the Complaint.

**I.   BACKGROUND**

Gaskins asserts that Hon. Peter N. Conforti, Hon. Salem V. Alito, Hon. Marilyn Clark, Sussex County Prosecutor Thomas Reed, and Passaic County Prosecutor Jason Stuato violated his constitutional rights contrary to 42 U.S.C. § 1983.  In an attachment to the Complaint, he names the State of New Jersey as a defendant and he lists the names of 20 police officers, whom he desires

to sue in their individual and official capacities. Gaskins asserts that Judge Conforti violated his rights by signing a search and arrest warrant, and Judge Clark violated his rights by issuing a search warrant. Gaskins asserts that in both cases, the police signed affidavits stating what people told the police, but the averments of the police officers in both cases were not reliable or accurate. He alleges that the prosecutors violated his rights by not dismissing the criminal cases against him, when they knew that the warrants did not comply with the law and rules. Gaskins maintains that he should not have been arrested and he wants to hold the judges and the prosecutors accountable for violation of his rights.

## II.   STANDARD OF REVIEW

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a plaintiff is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), or a prisoner seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b). The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* This action is subject to *sua sponte* screening for dismissal under these statutes because Plaintiff is proceeding *in forma pauperis,* he is a prisoner, and he seeks redress from a governmental entity.

"[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).  Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim."  *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

### III.   DISCUSSION

A.    <u>Federal Jurisdiction</u>

Federal courts are courts of limited jurisdiction.  *See Mansfield, C. & L. M. Ry. Co. v. Swan*, 111 U.S. 379, 383 (1884).  "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986).  Section 1983 of Title 42 of the United States Code provides a cause of action for violation of constitutional rights by a person acting under color of state law.[2]  To

---

[1] The legal standard for dismissing a complaint for failure to state a claim under § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint under Rule 12(b)(6).  *See Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)).

[2] The statute provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the

recover under § 1983, a plaintiff allege show two elements:   (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, this Court will dismiss the State of New Jersey, Judges Conforti, Alito and Clark, and Prosecutors Reed and Stuato as defendants.  The State of New Jersey is not a "person" subject to suit under § 1983 for damages.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a state nor its officials acting in their official capacities are 'persons' under § 1983.").  Moreover, Gaskins sues the named judges for allegedly improperly signing warrants, but a judge "in the performance of h[er] duties has absolute immunity from suit and will not be liable for h[er] judicial acts."  *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (quoting *Mireles v. Waco*, 502 U.S. 9, 12 (1991)).  A prosecutor is similarly absolutely immune from initiating and pursuing a criminal prosecution.  *See Rehberg v. Paulk*, 132 S.Ct. 1497, 1504 (2012); *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Moore v. Middlesex County Prosecutors Office*, 503 F. App'x 108 (3d Cir. 2012). Because the allegations in the Complaint relate to actions taken by the judges and prosecutors in their capacities as a judge and a prosecutor, these defendants are absolutely immune from suit for damages under § 1983.

---

> jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

4

In an attachment to the Complaint, Gaskins lists the names of numerous state troopers and police officers whom he evidently seeks to sue for violation of his constitutional rights. The Complaint fails to state claims under § 1983 against these defendants because Gaskins provides no facts showing that any of these defendants was personally involved in violating his constitutional rights. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Robertson v. Sichel*, 127 U.S. 507, 515-16 (1888) ("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties"); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs"). The § 1983 claims against these defendants will be dismissed because, aside from identifying them, Plaintiff's allegations do not set forth any facts showing how each defendant was involved in violating his rights.

B.  Amendment

A District Court generally grants leave to correct the deficiencies in a complaint by amendment. *See DelRio-Mocci v. Connolly Properties Inc.*, 672 F.3d 241, 251 (3d Cir. 2012); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). This Court will not grant Plaintiff leave to amend the Complaint against the judges and prosecutors because amendment would be futile, but will grant him 30 days to file an amended complaint against the police officer defendants.

## III.   CONCLUSION

For the reasons set forth in this Opinion, this Court will grant Plaintiff's application to proceed *in forma pauperis* and dismiss the Complaint.

s/William J. Martini

**WILLIAM J. MARTINI, U.S.D.J.**

DATED:   February 25, 2015

6